IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDREW BELLAMY,                )
                               )
            Plaintiff,         )
                               )
    vs.                        )   Case No. 18-1246-EFM-KGG
                               )
ANNIE BRUNER,                  )
                               )
            Defendant.         )
                               )

**MEMORANDUM & ORDER ON
MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
AND REPORT & RECOMMENDATION FOR REMAND**

In conjunction with her Removal to federal court (Doc. 1), Defendant Annie Bruner has also filed a Motion to Proceed Without Prepaying Fees ("IFP application," Doc. 3, sealed) along with a supporting financial affidavit (Doc. 3-1). After review of the motion, as well as the removal documents, the Court **GRANTS** the IFP application but **recommends** Plaintiff's claims be **remanded** for lack of federal jurisdiction. Given this Court's recommendation of remand, the Court also **DENIES without prejudice** Defendant's Motion to Intervene (Doc. 5), Motion to Amend/Correct (Doc. 6), and Motion to Vacate Orders (Doc. 8).

**A.    Motion to Proceed IFP.**

1

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  **Barnett v. Northwest School**, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting **White v. Colorado**, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  **Cabrera v. Horgas**, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* **Patillo v. N. Am. Van Lines, Inc.**, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Defendant indicates she is 22 years old and separated with two minor children.  (Doc. 3-1, sealed, at 1, 2.)  She states she is not employed, but her husband "just started" a job earning a modest monthly

income. (*Id.*, at 1, 3.) She owns no real property and does not own an automobile. (*Id.*, at 3, 4.) She lists no savings or cash on hand. (*Id.*, at 4.) She pays a modest monthly amount for housing along with monthly expenses for groceries and telephone. (*Id.*, at 4, 5.) She has not filed for bankruptcy.

Considering the information contained in his financial affidavit, the Court finds that Defendant has established that her access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Defendant leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**B.     Jurisdictional Basis of Removal and Recommendation for Remand.**

Removal to federal court is governed by 28 U.S.C. § 1441(a). Pursuant ot that statute,

> [a] defendant may remove a state court civil action if a federal court has original jurisdiction over the claim. 28 U.S.C. § 1441(a); *see* **Caterpillar Inc. v. Williams**, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (civil action removable if plaintiff could have originally brought action in federal court). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. *See* **Frederick & Warinner v. Lundgren**, 962 F.Supp. 1580, 1582 (D.Kan.1997) (citing **Basso v. Utah Power & Light Co.**, 495 F.2d 906, 909 (10th Cir.1974)). It requires the Court to deny jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. *See* **Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee**, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Accordingly, federal courts

3

> strictly construe removal statutes and resolve all doubts in favor of remand. Defendant bears the burden to demonstrate the propriety of removal from state to federal court. ***Baby C v. Price***, 138 Fed.Appx. 81, 83 (10th Cir.2005); ***Montoya v. Chao***, 296 F.3d 952, 955 (10th Cir. 2002).

***City of Neodesha v. BP Corp. North Am. Inc.***, 176 F.Supp.3d 1233, 1237-38 (D. Kan. 2016).

The Court liberally construes the pleadings of a *pro se* litigant. ***Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however, that the Court must become an advocate for the *pro se* party. ***Hall***, 935 F.2d at 1110; *see also* ***Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing the pleadings of a *pro se* party means that "if the court can reasonably read the pleadings to state a valid claim on which the [party] could prevail, it should do so despite the [party's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

This case involves child custody and visitation issues between the named parties. (*See generally* Doc. 1.) As stated above, federal courts are courts of limited jurisdiction that can only entertain certain claims. ***Estate of Cummings v. United States***, 651 Fed.Appx. 822, 828 (10th Cir. 2016). The Court finds that there is no federal court jurisdiction for these claims. Although the removal Petition alleges that the parties are citizens of different states, the federal courts do not have

jurisdiction over domestic matters.  *Hunt v. Lamb*, 427 F.3d 725, 727 (holding "[i]t is well-established that federal courts lack jurisdiction over ' '[t]he whole subject of the domestic relations of husband and wife, [and] parent and child.' '" (internal citations omitted).)  Moreover, Defendant's claim that the state of Kansas lacks jurisdiction of this matter must be determined by the state court.

As such, the undersigned Magistrate Judge **recommends** to the District Court that Plaintiff's claims be **REMANDED** to state court.  Because the Court is recommending remand, Defendant's Motion to Intervene (Doc. 5), Motion to Amend/Correct (Doc. 6), and Motion to Vacate Orders (Doc. 8) are **DENIED without prejudice** pending a potential review by the District Court of the recommendation.  This ruling will not impact Defendant's right to refile these motions in state court, as needed.

IT IS THEREFORE ORDERED that Defendant's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS RECOMMENDED to the District Court that the removed pleadings be REMANDED to state court for lack of federal court jurisdiction.  The Clerk's office shall not proceed to issue summons in this case.

IT IS FURTHER ORDERED that Plaintiff's Defendant's Motion to Intervene (Doc. 5), Motion to Amend/Correct (Doc. 6), and Motion to Vacate

Orders (Doc. 8) are **DENIED without prejudice** given the recommendation of remand made to the District Court.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Defendant (the removing party) via certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Defendant shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Defendant's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 13th day of September, 2018.

> s/ Kenneth G. Gale
> KENNETH G. GALE
> United States Magistrate Judge